**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Ricky Lee Jared Harris<br>    Plaintiff, | \* |
| | \* |
|     vs. | Civil Action No.   8:18-cv-03854-GLS |
| | \* |
| Advantage Lending, Inc., DBA<br>A-1 Pawnbrokers 4&5 et al<br>    Defendant. | \* |

\*\*\*\*\*\*

**AMENDED SCHEDULING ORDER**

This scheduling order is entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed Chambers, not the Clerk's Office. If a party finds one or more deadlines in the schedule unreasonable, they may request in writing a modification or a conference be held to discuss modification of the schedule. Such requests shall be submitted on or before the first deadline below. *See infra* Part I. Following the first deadline, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing:   *http://www.mdd.uscourts.gov/sites/mdd/files/CMECFProceduresManual.pdf*.   You must use the electronic filing system for filing documents with the Clerk's Office and sending case related correspondence to Chambers. **When you electronically file a document that, including attachments, is fifteen (15) pages or longer, you shall provide Chambers a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy shall be sent to the Clerk's Office, not directly to my Chambers.

**I.    DEADLINES**

| | |
|---|---|
| November 7, 2019: | Moving for joinder of additional parties and amendment of pleadings |
| November 21, 2019: | Plaintiff's Rule 26(a)(2) disclosures |
| December 20, 2019: | Defendant's Rule 26(a)(2) disclosures |
| January 10, 2020: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |

| | |
|---|---|
| January 17, 2020: | Rule 26(e)(2) supplementation of disclosures and responses |
| February 14, 2020: | Discovery deadline; submission of status report |
| February 21, 2020: | Requests for admission |
| March 20, 2020: | Dispositive pretrial motions deadline |

## II.  DISCOVERY

The Court has entered a separate Discovery Order that will govern in this case. This Scheduling Order supplements that Discovery Order.

### A.  Initial Disclosures

Except as provided in the Discovery Order also issued in this case, this is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

### B.  Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

### C.  Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, except as provided in the Discovery Order issued in this case, should be filed with the court.

d. When a motion to compel is permitted by the Discovery Order, the motion shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

D. *Deposition Hours*

Deposition hours are set forth in the Discovery Order separately issued in this case.

E. *Additional Requirements*

Electronically-Stored Information (ESI). If either or both parties intend to take discovery of ESI, counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases. The Principles, prepared by a joint bench/bar committee, are available at http://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf.

## III. POST-DISCOVERY JOINT STATUS REPORT

The parties shall file on the day of the discovery deadline a joint status report (not to exceed ten pages, single spaced text) covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion, **and if so, that party shall attach a concise description not to exceed three pages of single-spaced text setting out the factual and legal basis for the motion;**

d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Any other matter which you believe should be brought to the court's attention.

## IV. MOTIONS PRACTICE

### A. Requirement for a Pre-Motion Notice and a Pre-Motion Conference

1. **Before filing any motion, the party must comply with the Letter Order previously issued setting forth the pre-motion conference requirements.**

2. The timely filing of a Notice, within the time period to file the underlying motion to which it relates, will toll the time to file such motion until the date set by the Court at the Pre-Motion Conference; no motion for an extension is necessary. In the event that

     a Notice seeks to file a pre-Answer motion to dismiss, this provision also will apply, and the time to answer provided in Federal Rule of Civil Procedure 12(a) will be tolled.

3. Upon receipt of a Notice, the Court promptly will schedule a telephonic Pre- Motion Conference with all parties.

4. If the Court determines that no Conference is necessary, an Order will be issued authorizing the filing of the motion in accordance with the terms of this Scheduling Order and the Local Rules.

5. Except as provided herein, or as ordered during a Pre-Motion Conference, all Motions must comply with the Local Rules of this Court (D. Md. 2018), particularly with Local Rule 105.2(c), covering cross-motions for summary judgment, Local Rule 105.3, providing for page limits, and Local Rule 105.4, providing for tables of contents in lengthy memoranda. Approval to exceed these page limits may be sought during the Pre-Motion Conference. All briefs must be in 12-point font, including footnotes, and the document margins must be 1" on all sides.

**B. Dispositive Pretrial Motions**

1. In the event that a party files a motion for summary judgment, or parties file cross motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, all parties shall cooperate to compile a joint statement of facts that are not disputed for the purposes of summary judgment. Such facts should be submitted in a Joint Statement of Undisputed Facts and need not—and should not—be supported with additional documentary evidence. The parties may stipulate to facts, or to the authenticity, relevance, or admissibility of particular documents, for the purposes of summary judgment without prejudice to their ability to dispute such facts in good faith at later proceedings.

2. With respect to all other evidence to be considered on summary judgment, the parties must submit a single, consolidated record (the "Joint Record"), as follows:

    a. The party filing first shall compile any exhibits needed to support its position. All pages must be in binders (with rings not to exceed three inches). The binders must include a table of contents for all exhibits, as well as an index for any deposition transcript.

    b. All exhibits shall be provided in a clear format that includes the complete document, rather than an excerpt. All deposition transcripts shall be provided in their entirety in "minuscript" (four transcript pages per printed page) format, and the cited portions shall be highlighted in a manner that allows both the highlighting and the highlighted text to be clear and easily seen as filed. Any

lengthy documents (more than 10 pages) of which only certain portions are relevant shall be highlighted similarly. If only a *de minimis* portion of a document or deposition is necessary, the parties may seek permission to file only the first page of the document and the relevant portion.

c. All exhibits must be produced in a clear, legible format. Photographic or photocopied exhibits must be included in their original format (color or black-and-white) and in sufficient quality and resolution that their contents are reasonably clear. Any documents that cannot be printed on standard 8.5"x11" paper must, to the extent possible, be placed in a folder or securely affixed to a page of paper or cardstock that is 8.5"x11".

d. The initial movant's exhibits shall be tabbed with exhibit numbers and each page shall be consecutively numbered (such as with a Bates stamp or equivalent method) so that, for example, the first page of exhibit two will bear the number immediately following the number of the last page in exhibit one, and so forth for all the exhibits. Each page submitted will therefore have a unique Joint Record ("J.R.") number.

e. No exhibits need be filed with the court with the filing of the initial motion, but the exhibits shall be provided to the opposing party in a manner that allows them to cite to the exhibit and J.R. numbers used by the movant. All citations shall be to both the relevant exhibit and J.R. number. For citations to deposition transcripts with multiple pages of transcript on a single exhibit page, the original transcript page and relevant line numbers shall be provided in parentheses following the exhibit number and J.R. number.

f. The respondent/cross-movant shall not provide duplicates of any of the initial movant's exhibits but, to the extent necessary, shall cite to those same exhibits by exhibit and J.R. number. To the extent practicable, the respondent/cross- movant shall ensure that relevant portions of depositions or lengthy documents are highlighted even if those exhibits originally were provided by movant.

g. If the respondent/cross-movant seeks to rely upon additional exhibits, or to submit any other materials, it shall do so in the same format as provided in paragraphs 2.a–d above. Respondent/cross-movant shall begin numbering its exhibits and its pages where movant's exhibits/pages left off. For example, if movant provides fifteen exhibits, numbered 1–15, and comprising pages 1– 200, respondent/cross-movant should begin with exhibit 16, and the first page should be numbered 201.

h. The same procedure shall be followed for exhibits relevant to subsequently filed memoranda, such as a reply or, if permitted by the Court, surreply memorandum.

i. If a party believes that it requires additional facts to oppose summary judgment

       pursuant to Federal Rule of Civil Procedure 56(d), it shall state those facts with particularity in an affidavit and include that affidavit as an exhibit in the Joint Record.

   j. Any objections to an exhibit shall be stated, in 250 words or less, on a cover page to that exhibit. "Under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not be in admissible form; the requirement is that the party identify facts that could be put in admissible form." *Mallik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013). Accordingly, the mere fact that a document is inadmissible in its current form is not a valid objection. Similarly, objections to the contents or credibility should not be made unless they have a non-frivolous basis. The party offering an exhibit may respond to the objection in 250 words or less, on the same cover page. However, an objection to an adversary's exhibit is not a basis for excluding any document from the Joint Record.

   k. Within seven (7) days of the filing of the final brief on the Motion, the parties jointly shall file the Joint Record, both electronically and in hard copy in a single, bound volume (or, if necessary, multiple, numbered volumes). Notwithstanding Local Rule 105.5, all exhibits shall be tabbed and indexed, and shall be bound along the left side either in a three-ring binder, spiral binding, or by any other secure means of binding that allows the Joint Appendix to lay flat when opened.

   l. If there is an administrative record, the parties should file only the relevant portions that they have cited in their briefs. This excerpt must be organized by the parties before it is filed. All pages must be in binders (with rings not to exceed three inches), with the pages numbered consecutively and all cited portions highlighted. The binders must include a table of contents for all exhibits, as well as an index for any deposition transcript.  If the length is not prohibitive, the excerpt of the record also should be filed electronically.

      The aforementioned procedures shall be followed by the parties for the submission of any other substantive motion for which exhibits are relevant, including a motion to dismiss.  After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

**V.  SEALED MATTERS**

    Local Rule 105.11 governs the sealing of all documents filed in the record.  This Rule provides:

      Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The

Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Failure to comply with this Rule will result in the denial of the motion to seal. In addition to compliance with Local Rule 105.11, counsel moving to seal court filings should be guided by the Fourth Circuit's decision in *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014). All motions to seal should contain direct reference to *Doe* and should include specific factual representations allowing the court to make the requisite findings.

## VI.   STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference (initial pretrial conference) after the Joint Post-Discovery Status Report has been filed. At this conference:

a. I will set a deadline for submitting the pretrial order, any non-dispositive motions (e.g., motions in limine), proposed voir dire questions and proposed jury instructions; and

b. I will set a final pretrial conference date and **a firm trial date (that will not be moved absent compelling circumstances)**.

## VII.   ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees, which are Appendix B to the Local Rules.

## VIII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov. Additionally, all motions and requests that the court issue an order filed in cases before me must include a proposed order.

## IX. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2017, with the addition of Rule 5.2. Filings with this Court that contain social security numbers, tax payer identification numbers, or birth dates, the names of individuals known to be minors, or financial account numbers shall be redacted. FED. R. CIV. P. 5.2. It is essential that the parties comply with this Rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. *See generally*, U.S. Courts, *Privacy Policy for Electronic Case Files*, U.S. COURTS (Mar. 2008): [http://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files](http://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files).


Dated: October 17, 2019                                     /s/
                                            The Honorable Gina L. Simms
                                            United States Magistrate Judge