# BUCKEL, LEVASSEUR, PILLAI & BEEMAN, LLC
## ATTORNEYS AT LAW

LINDA W. BUCKEL  RONALD J. LEVASSEUR, RETIRED  
JASON C. BUCKEL  *ALSO ADMITTED IN WV  
S. RAMANI PILLAI*  
T. LEE BEEMAN, JR.*

November 19, 2020

***Sent via CM/ECF***  
The Honorable Gina L. Simms  
United State District Judge  
6500 Cherrywood Lane  
Greenbelt, Maryland 20770

      RE:    *Harris v. Advantage Lending Inc., et al*  
              Case No. 8:18-cv-3854-GLS

Dear Judge Simms:

     This letter is in response to Plaintiff's *Pre-Motion Letter and Request for Teleconference* [ECF 39] and the Court's *Paperless Order directing Defendants to file response to ECF No. 39* [ECF 40].

     Plaintiff accurately summarized the dispute that has brought the parties to you for potential resolution; Plaintiff wishes to depose Defendant Said Saab, and Defendants wish to depose Plaintiff. Plaintiff seeks to conduct these depositions via remote means, while Defendant seeks to depose Plaintiff in person.

     Defendants believe that taking the deposition of Plaintiff in person is necessary and reasonable and that Defendants would be prejudiced by conducting the deposition by remote means as described below:

### *Document-Oriented Nature*

     This case revolves around Plaintiff's allegations that he was not paid overtime wages for working in excess of forty (40) hours per week. These allegations are supported and opposed by documents from each side and Plaintiff's deposition will likely involve going page by page through these documents. Defendants anticipate the necessity of presenting hundreds of pages of documents to Plaintiff during his deposition. This Court has previously found prejudice caused by a telephone deposition because of the "existence of voluminous documents which are central to a case, and which the party intends to discuss with the deponent" would cause a remote deposition to be "difficult, if not entirely ineffective." *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276 at 280 (D. Md. 2012) *citing Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D.Kan. 1996).

206 Washington Street  
Cumberland, MD 21502  
Phone: (301) 759-3700  
Fax: (301) 722-0334  

The Bryan Center  
82 W. Washington Street, Suite 600  
Hagerstown, Md 21740  
Phone: (301) 393-3723

### *Deposition of Party*

Defendants in this matter are not merely seeking to take an in person deposition of a fact witness, but rather the Plaintiff, a party opponent whose testimony is central to the viability of the asserted claims. Defendants believe that the inability to ascertain whether the witness is testifying wholly independently causes significant prejudice. There would be no way for Defendants to verify whether there were other people in the room or whether the Plaintiff was receiving written communications on the screen during his deposition. Similarly, there would be no way for the Defendants to verify whether the Plaintiff had notes or other documentation in front of him to use, but out of view of the camera. This exact situation was contemplated by the Court in *Webb*, where they found:

> "In the present case, however, the deposition at issue is the deposition of Plaintiff, and, as Defendant notes, "will likely involve vigorously disputed factual issues that go to the heart of the parties' claims and defenses." Def.'s Opp'n 6; see Dieng v. Hilton Grand Vacations Co., LLC, No. 2:01–cv–01723, 2011 WL 812165, at *2 (D.Nev. Mar. 1, 2011) ("Telephonic depositions are not recommended for obtaining controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness.") (citing William W. Schwarzer et al., Federal Civil Procedure Before Trial § 11.443 (1997))." *Id* at 280.

### *Status of Courts*

Under *Standing Order 2020-20*, Chief Judge Bredar ordered all in-court hearings and proceedings in the District of Maryland suspended, and that no members of the public, counsel, parties, witnesses, or other court users may enter any U.S. Courthouse in the District of Maryland without permission. In this circumstance, this case is highly fact dependent, with each side offering wildly differing theories; this is not a case likely to be resolved by summary judgment. Further, Defendants will exercise their right to a trial by jury in this matter. Given that it is extremely unlikely that the United States District Court for the District of Maryland will seat a jury for a civil trial any time before late -2021, there is little to no prejudice caused to Plaintiff by extending discovery to allow for in person depositions, hopefully doing the early months of 2021 as the COVID-19 pandemic is ameliorated by widespread vaccine distribution.

Very truly yours,

_____/s/_____
Jason C. Buckel (Federal Bar No. 24766)
T. Lee Beeman, Jr. (Federal Bar No. 19613)
Buckel, Levasseur, Pillai & Beeman, LLC
206 Washington Street
Cumberland, Maryland 21502
lbeeman@blpblaw.com
blpassistant@atlanticbbn.net
*Counsel for Defendants*