# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

October 13, 2021

Re:   *Harris v. Advantage Lending, Inc., et al.*
      Civil Action No. GLS 18-3854

## MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that has been set in this case as discussed during our October 7, 2021 telephone conference.  This memorandum also provides the schedule for this case and sets forth certain instructions relating to trial preparation.

| | |
|---|---|
| **February 25, 2022** | **Dispositive Motions Deadline** |
| **March 11, 2022** | **Oppositions to Dispostive Motions Deadline** |
| **April 1, 2022** | **Motions in *Limine* Due** |
| **April 15, 2022** | **Oppositions to Motions in *Limine* Due** |
| **May 5, 2022** | **Deadline for submitting: a joint statement of facts (no more than one short paragraph); Joint Proposed: (a) Voir Dire Questions; (b) Jury Instructions; and (c) Verdict Form; Joint Pretrial Order. If you are unable to agree on some jury instructions, this date is the deadline for a party's Proposed Voir Dire Questions, Jury Instructions, and  Verdict Form.** |
| **May 5, 2022** | **Copy of all exhibits in exhibit binder(s) due to Chambers of Judge Simms, and to the parties.** |
| **May 12, 2022** at 9:30 AM | **Pretrial Conference/Motions Hearing. Courtroom TBD.** |
| **Monday, June 6 - 9, 2022** at 8:30 AM | **Jury Trial (4 days). Courtroom TBD.** |

*Harris v. Advantage Lending, Inc., et al.*
October 13, 2021
Page 2

## Proposed Pretrial Order

The pretrial order must comply with all provisions of Local Rule 106.  The purpose of this proposed order is to summarize what is established and what needs to be resolved at trial. The proposed pretrial order shall include final stipulations, or requests for stipulations, of specific facts, which include the legal theories relied upon in each claim and defense.  *See* Loc. R. 106.2(f).  With regard to evidence, the proposed pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual authentication." Loc. R. 106.2(h).  The list of documents should be detailed and include each document by title.  The list of witnesses must satisfy Local Rule 106.2(i).  For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations."  Loc. R. 106.2(k).  If the parties do not plan to use depositions in their cases in chief, they may indicate the same and reserve the right to use depositions for impeachment.  The parties will indicate their agreement, or lack thereof, as to admissibility of each document and any testimony to be presented as evidence.  *See* Loc. R. 106.2(g), (l), (m).

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial.  *See* Loc. R. 106.2(m).  The parties shall identify those witnesses designated pursuant to Rule26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

## Voir Dire, Jury Instructions, and Verdict Forms

The Court prefers to use the standard jury instructions found in the latest edition of the *Modern Federal Jury Instructions (Sand & Siffert)* series, and/or *Maryland Civil Pattern Jury Instructions,* where appropriate.  Attached you will find the **standard jury instructions** that I will be using, and it is not necessary to include these instructions in your submission.

You should submit proposed **joint** voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and a proposed joint special verdict form.  You may submit separately any voir dire questions, jury instructions, and special verdict forms upon which you cannot agree.  However, it is expected that counsel will be able to reach agreement as to the vast majority of the jury instructions.  In this regard, you should be guided by the applicable pattern instructions.  All of your proposed voir dire questions, jury instructions, special verdict forms, and proposed pretrial order should be filed electronically via the CM/ECF system, submitted in hard copy to my Chambers, and emailed, as Microsoft Word documents, to Chambers at **MDD_GLSChambers@mdd.uscourts.gov**.

Your proposed joint voir dire should include a brief proposed statement of facts to be read to the venire panel explaining the nature of the case in general terms.

Your proposed jury instructions should (a) be typed one per page; (b) be numbered and assembled in the order in which you request that they be read to the jury; and (c) include a citation of the authorities supporting the instruction.  Any request for an instruction ordinarily should be

based on the pattern Modern Federal Jury Instructions, or where Maryland law is applicable, on the Maryland Pattern Jury Instructions. Submissions should be in Microsoft Word format with the changes or modifications made using the "Track Changes" function.

### Jury Selection

Depending on the status of the COVID-19 pandemic, the Court may still be using certain jury selection procedures to aid it and counsel in safely selecting a jury. The jury selection process will be discussed during the Pretrial Conference.

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

### Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

### Exhibits

In addition to the objections noted on the pretrial order, please be prepared to advise me at the pretrial conference of any unresolved objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(g). Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

The documents in the exhibit binder should be pre-marked and with an index. All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7(a). You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial conference. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties, but should be provided **only to the Court** in its exhibit binder.

*Harris v. Advantage Lending, Inc., et al.*
October 13, 2021
Page 4

**If you have any videotaped evidence that you would like the court to review for admissibility at trial, you must bring it to the Pretrial Conference.**

### Use of Courtroom Equipment

In light of the COVID-19 pandemic, the Court has instituted safety protocols that include the use of certain courtroom equipment. Please be prepared to attend a technology conference to discuss the various forms of technology to be used during trial. This technology conference will occur no earlier than **six (6) weeks** before trial. Chambers will contact counsel to schedule this conference. **If you have audio or video materials that you would like to use at trial, these will be discussed during the technology conference.**

By no later than **May 5, 2022**, please advise the Court in writing, with a letter to Chambers (cc'ng opposing counsel), of any requests to use the following courtroom equipment: DVD players and monitors, x-ray boxes, and the electronic evidence presenter. That letter should also notify the court of any special concerns about the use of technology.

### Trial Instructions

Please read carefully the attached memorandum entitled **"Instructions To Counsel Regarding Trial Procedure And Conduct."** You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

### Settlement

Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25–28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

Despite the informal nature of this letter, it is nonetheless an order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge

Attachments

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All questions of law must be decided by the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

## REPRIMAND OF COUNSEL

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to correct counsel when I think it is

necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

**IMPROPER CONSIDERATION:
RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must

decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## "INFERENCES" DEFINED

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if

there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements or what they may say in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## **INTERROGATORIES**

You may have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial, and each side is entitled to seek answers to interrogatories from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

## **DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or a party under oath before a court stenographer prior to trial. Each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit such as a copy of a contract where the fact to be proved is that the parties had a contract.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Here is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot

look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

### **STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

### **BURDEN OF PROOF**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### **CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.
In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## **EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.

## **NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and what evidence appeal to your minds as being most accurate and otherwise trustworthy.

## **USE OF NOTES**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## RETURN OF VERDICT

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## CONCLUSION - UNANIMOUS VERDICT

In order to reach a verdict in this case, each of you must agree upon it. Your verdict must be unanimous.

**INSTRUCTIONS TO COUNSEL REGARDING TRIAL PROCEDURE AND CONDUCT**[1]

1. **Efficient Use of Courtroom Time**

    You must always be on time. You must anticipate objections in order to avoid unnecessary bench conferences. When the jury is present, virtually every minute should be spent taking testimony.

2. **Exhibits**

    A. You must pre-mark exhibits.

    B. You should not formally move exhibits into evidence. Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

    C. You may circulate exhibits to the jury without asking permission of the court provided you then continue with questioning.

    D. If you plan to use exhibit books, you must first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute. You must provide copies for one lawyer per party, a copy for the witness, a copy for the judge, and (at your option) a copy for each juror.

3. **Witnesses**

    A. You must treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

    B. You may not appear to address yourself to jurors when questioning a witness.

4. **Prohibited Questions and Remarks**

    A. You may not ask a witness whether it "would surprise you to know" that a certain event occurred.

    B. You may not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying?" or "not telling the truth?")

    C. You may not remind a witness that he is under oath or ask whether he expects the jury to believe his testimony.

---

[1] These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

5. **Movement in the Courtroom**

    A.  You must stand when addressing the court.

    B.  You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

    C.  You may approach a witness to show an exhibit without prior approval of the court but may not do so for any other reason.

    D.  When addressing jurors, you must stand a respectful distance away from them.

6. **Objections**

    You may not make speaking objections or, unless invited to do so by the court, argue rulings in front of the jury.

7. **Opening Statements and Closing Arguments**

    A.  Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

    B.  You must show opposing counsel any exhibit or demonstrative aid you intend to display to the jury during opening statement or closing argument and any new demonstrative aid you intend to display during closing argument.

    C.  During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant, or guilt or innocence of an accused.

8. **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

    Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness on the stand.

9. **Cellular Telephones and Smartphones**

    You must turn off (and instruct your clients and witnesses to turn off) all audible portable telephones before entering the courtroom.

10. **Food and Drink**

    You may not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you must pour it into the pitchers provided by the court.

**11.** **Use of Courtroom Telephone Prohibited**

You may not use the courtroom telephone unless authorized by the court.